**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13960
Non-Argument Calendar
_____

ROSA PERALTA,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A099-208-610
_____

Before NEWSOM, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Rosa Peralta is a native and citizen of Nicaragua who be-
came a lawful permanent resident of the United States in March of

2008.  She petitions for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of her application for a waiver of inadmissibility under the Immigration and Nationality Act (INA) § 212(h), 8 U.S.C. § 1182(h), and the resulting denial of her application for adjustment of status under INA § 245(a), 8 U.S.C. § 1255(a).  Peralta argues that the agency failed to adequately weigh her positive equities and adverse factors in deciding whether to grant her § 212(h) waiver.  The government argues that we lack jurisdiction over Peralta's petition.  It contends that the BIA did not address the IJ's statutory eligibility determination regarding Peralta's disqualifying criminal conviction and rather affirmed the denial of Peralta's § 212(h) waiver application as a matter of its ultimate discretion.  After careful review, we dismiss Peralta's petition for lack of jurisdiction.

## I.

"We review our subject matter jurisdiction over a petition for review de novo."  *Clement v. U.S. Att'y Gen.*, 75 F.4th 1193, 1198 (11th Cir. 2023).  In the immigration context, we review only "the [BIA]'s decision—not the immigration judge's decision—unless the [BIA] 'expressly adopted' the immigration judge's opinion."  *Id.* at 1199 (quoting *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010)).  When the BIA expressly agrees with the IJ's reasoning, we review the decisions of both the BIA and the IJ to the extent of the agreement.  *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).  This scope of review "reflects the well-established

administrative law principle that '[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.'" *Clement*, 75 F.4th at 1199 (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)). Stated differently, we "do not consider issues that were not reached by the BIA." *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (per curiam), *abrogated in part on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).

## II.

When Peralta applied for an adjustment of status, she had to prove that she was admissible into the United States. U.S.C. § 1255(a)(2). But her 2013 criminal conviction for conspiracy to make a false statement to a firearms dealer and her failure to file tax returns rendered her inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Peralta could still be entitled to an adjustment of her status if she received a waiver as to that ground of inadmissibility. One way to obtain such a waiver is for Peralta to show that a qualifying relative, namely her husband, would face "extreme hardship" if she were removed. 8 U.S.C. § 1182(h). But even if Peralta could establish the extreme hardship requirement, the Attorney General still has discretion on whether to grant or deny the waiver. 8 U.S.C. § 1182(h)(1)(B).

The IJ found that Peralta did not show that her removal would result in an "exceptional and extremely unusual hardship" for her husband. The IJ then explained that even if she had shown hardship, the totality of the circumstances did not warrant a grant

of that waiver.  Peralta challenges the IJ's determination that she did not meet the hardship requirement.  But this determination is beyond our jurisdictional purview because the BIA did not address the IJ's hardship finding.  Rather, the BIA adopted and affirmed the IJ's "additional finding that the respondent has not established that she warrants a waiver as a matter of discretion."  Since the BIA did not address the IJ's finding as to whether Peralta was eligible for a waiver, neither can we.  *See Gonzalez*, 820 F.3d at 403.

Peralta argues that the IJ and BIA failed to properly balance her positive equities, which outweigh the adverse factors and entitle her to a waiver of inadmissibility.  But the denial of Peralta's § 212(h) waiver application was a matter of the IJ's ultimate discretion, and that determination is not reviewable by us.  8 U.S.C. § 1182(h); *see also Wilkinson v. Garland*, 601 U.S. 209, 225 & n.4 (2024) (explaining that courts lack jurisdiction to review the agency's decision to exercise discretion over an applicable waiver even if the petitioner met the statutory requirements).  Thus, we lack jurisdiction over that determination and must dismiss Peralta's petition for review.

**DISMISSED.**